UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY A. HART,

    Plaintiff,

v.                                                    CASE NO. 8:21-cv-1823-WFJ-AEP

GRADY JUDD, *et al.*,

    Defendants.
_____/

## O R D E R

Mr. Hart, a Florida pre-trial detainee, initiated this action *pro se* by filing a civil rights complaint (Doc. 1) in which he alleges that he was falsely arrested and detained. His failure to pay the filing fee is construed as a request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Section 1915(g) provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]

---

[1] Although Mr. Hart is a pre-trial detainee, he is subject to § 1915(g) because "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Mr. Hart's prior cases, dismissed as either frivolous, malicious, or for failing to state a claim upon which relief may be granted include *Hart v. Judd*, 8:11-cv-1590-T-33TBM (M.D.Fla.); *Hart v. State of Florida*, 8:13-cv-2533-T-30MAP (M.D.Fla.); *Hart v. Knight*, 8:16-cv-1337-T-33JSS (M.D.Fla.); and *Hart v. Hays*, 8:16-cv-1391-T-17TGW (M.D.Fla.). Because he has had at least three prior dismissals that qualify under Section 1915(g) and because he alleges no facts showing he is under imminent danger of serious physical injury,[2] Mr. Hart may not proceed *in forma pauperis*. He may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

Accordingly, the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to filing a new complaint, in a new case, with a new case number, upon the payment of the filing fee. The **CLERK** must close the case.

**ORDERED** in Tampa, Florida, on August 4, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copy to: Randy A. Hart, *pro se*

---

[2] Mr. Hart's allegations that he is being "held" in "a dorm with violent inmates" and "is under imminent danger of serious physical injury" (Doc. 1, p. 3) are insufficient to show he is under imminent danger of serious physical injury. *See, e.g., Allen v. Belcher*, 2011 WL 13319211, at *1 (M.D. Fla. Dec. 9, 2011), *report and recommendation adopted*, 2012 WL 13129852 (M.D. Fla. Jan. 20, 2012) ("Plaintiff's vague and conclusory allegation of possible future harm is insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g).") (citation omitted).